**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MONTINE PARDUE,**

**Plaintiff,**

**v.** **Case No.: 8:25-cv-2612-WFJ-AAS**

**ALLEGIANT AIR LLC,**

**Defendant.**

**_______________________________________/**

**ORDER**

Defendant Allegiant Air LLC, (Allegiant) moves to compel Third Party Audrey Clark, MA, LMHC, NCC to comply with the subpoena issued by the Defendant. (Doc. 22). Plaintiff Montine Pardue does not oppose the motion. (*Id.* at 11). Ms. Clark opposes the motion. (*Id.*). The court directed Ms. Clark to submit an expedited response by August 11, 2026, if she wished to file a written response. (Doc. 23). Ms. Clark filed a response. (Doc. 24).

Ms. Pardue aims to recover compensatory damages against Allegiant including damages related emotional distress and her mental health treatment. When Allegiant asked Ms. Pardue to identify her medical treatment providers she identified Audrey Clark, MA, LMHC, NCC. (Doc. 22, p. 3).

On January 5, 2026, Allegiant served Ms. Clark with a subpoena commanding that she produce all of her records relating to Ms. Pardue and her

mental health treatment on or before January 26, 2026. (*Id.* at 4). Ms. Clark objected to the subpoena on grounds related to the HIPPA Authorization form executed by Ms. Pardue. (*Id.*).

After failed attempts to resolve the dispute around the HIPPA authorization form, Allegiant attempted to provide a second HIPPA authorization form to Ms. Clark to obtain the mental health treatment records. (*Id.* at 5). Ms. Pardue executed the HIPPA authorization form and the defendant sent the form to Ms. Clark by certified mail. (*Id.* at 6). Despite USPS notifying Ms. Clark of the attempted delivery, Ms. Clark made no attempt to retrieve the form, and it was returned to sender. (*Id.*).

Subsequently, in June 2026, Allegiant conferred with Ms. Clark's counsel in attempt to resolve the dispute. (*Id.*). Ultimately, despite Ms. Pardue's consent to release records, Ms. Clark's position is that she will require a court order before releasing any additional records to the plaintiff or defendant.

Upon review, there is no basis for Ms. Clark to withhold her patient, Ms. Pardue's, medical records. "[F]ederal law of privilege provides the rule of decision in a civil proceeding . . . premised upon a federal question . . .." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992).

Ms. Clark, relying on *Jaffee v. Redmond*, 518 U.S. 1 (1996), argues

psychotherapy notes are privileged and to protect herself from adverse consequences of disclsoure a court order is necessary. (Doc. 24). However, in a footnote the *Jaffee* court recognized, "[l]ike other testimonial privileges, the patient may of course waive the protection." *Jaffe*, 518 U.S. at fn. 14. Ms. Pardue, the patient, waived the privilege by putting her mental health at issue and authorizing the release of the psychotherapy notes. *See Wilson v. Doss*, No. CIVA209CV21-MEF, 2010 WL 1729111 at *2 (M.D. Ala. Apr. 28, 2010) (finding the patient impliedly waived the psychotherapist patient privilege by placing their mental state at issue); *Wey v. City of St. Petersburg*, No. 8:19-CV-1314-T-60JSS, 2020 WL 13653528 at *2 (M.D. Fla. July 15, 2020) ("Since the Supreme Court decided *Jaffee*, most courts have held that a party waives the psychotherapeutic-patient privilege by placing his or her mental condition at issue.") (citation omitted).

In addition, the subpoena requests relevant and proportional information because Ms. Pardue's mental health is at issue in this case. Ms. Pardue executed two HIPPA authorization forms to aid the defendant in securing the medical records pursuant to the subpoena. Ms. Pardue also attempted to obtain her own medical records herself, but Ms. Clark refused to release them. (*Id.* at 7). Last, Ms. Pardue does not oppose the defendant's motion to compel compliance with the subpoena to produce documents.

Accordingly, the defendant's unopposed motion to compel compliance with the non-party subpoena to produce documents directed to Audrey Clark (Doc. 22) is **GRANTED**. Ms. Clark must produce the responsive documents by **August 19, 2026.** The defendant's request for attorney's fees is **DENIED**. *See Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-MC-1-WWB-LHP, 2023 WL 2351657 at *3 (M.D. Fla. Mar. 3, 2023) (denying attorney's fees because "unlike Rule 37, Rule 45 contains no express provision for attorneys' fees . . . to a party that has prevailed on a motion to compel compliance with a subpoena" and the prevailing party "provided no authority for making . . . an award of attorney's fees under Rule 45.") (internal quotation and citation omitted).

**ORDERED** in Tampa, Florida on August 12, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge